IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BARRY R. SCHOTZ, | ) | CIVIL NO. 09-00225 JMS/BMK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER TRANSFERRING ACTION |
| | ) | TO THE NORTHERN DISTRICT OF |
| vs. | ) | ILLINOIS |
| | ) | |
| JAMES B. KOCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER TRANSFERRING ACTION TO THE NORTHERN DISTRICT OF ILLINOIS

On May 18, 2009, pro se prisoner Plaintiff Barry R. Schotz ("Plaintiff") filed a Complaint alleging state claims against his former attorney, Defendant James B. Koch ("Defendant") concerning Defendant's representation of Plaintiff in a civil matter in the Central District of California involving the Commodity Futures Trading Commission ("CFTC") and a criminal matter in the Northern District of Illinois charging Plaintiff with defrauding investors. That same day, Plaintiff also filed an Application to proceed in forma pauperis (the "Application"). Because venue of this action in Hawaii is improper, the court TRANSFERS this action to the Northern District of Illinois.[1]

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. In addition, because the court transfers this action to the Northern District of
(continued...)

## I. BACKGROUND

Plaintiff alleges state law claims against Defendant titled (1) Breach of Contract, (2) Fraud, (3) Misrepresentation, (4) Negligence, (5) Recover a Sum Certain, (6) Conversion of Property, and (7) Malpractice.

In support of these claims, the Complaint alleges that in September 2004, Plaintiff wired Defendant $25,000 as a retainer for Defendant to represent him in the California CFTC civil action, and apparently later in the Illinois criminal action. *See* Compl. at 2; Compl. Ex. 1; *see also CFTC v. Schotz et al.*, Civ. No. 2:04-08889 SJO-SS (C.D. Cal); *United States v. Schotz*, Crim. No. 1:05-cr-00440 (N.D. Ill). Plaintiff pled guilty in the Illinois criminal action and was given a sentence of 189 months on August 30, 2005. *Schotz*, Crim. No. 1:05-cr-00440 at Doc. Nos. 6, 16. In the California civil action, Plaintiff consented to entry of a Consent Order of Permanent Injunction and other Equitable Relief, which the court signed and entered on July 21, 2005. *Schotz*, Civ. No. 2:04-08889 SJO-SS at Doc. No. 62.

The Complaint asserts, among other things, that Defendant retained

---

¹(...continued)
Illinois, the court does not determine whether Plaintiff's Application is proper and does not screen the Complaint beyond determining that venue is improper in Hawaii. Nothing in this Order should be construed as limiting the Northern District of Illinois in determining how to address Plaintiff's Complaint.

California counsel without Plaintiff's permission, misrepresented his level of representation of Plaintiff, lied about receiving the full amount of the $25,000 retainer, withdrew his representation of Plaintiff in the Illinois criminal action after receiving the Plaintiff's retainer, provided the government in the Illinois criminal action a fraudulent affidavit stating that Plaintiff did not tell Defendant about his past criminal convictions, and convinced Plaintiff to plea in the Illinois criminal action even though Defendant did no investigation regarding material facts. *See* Compl. 1-5, Compl. Exs. 1, 3.

## II. **DISCUSSION**

Plaintiff is appearing *pro se*; consequently, this court will liberally construe his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Even construing the Complaint liberally, however, it is apparent that Hawaii is an improper venue for Plaintiff's claims. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating that the court may raise defective venue sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run).

Plaintiff brings this action on the basis of diversity -- Plaintiff, a

Hawaii citizen presently incarcerated in Texas, asserts state law claims against his former attorney, who is a citizen of Illinois. A civil action based on diversity jurisdiction may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Because Defendant is an Illinois citizen, §§ 1391(a)(1) and 1391(a)(3) do not apply and venue is proper only if "a substantial part of the events or omissions giving rise to the claim occurred" in Hawaii. Where, as here, there are multiple claims, Plaintiff must establish for each claim that a substantial part of the events making up that claim occurred in Hawaii. *See Multimin USA, Inc. v. Walco International, Inc.*, 2006 WL 1046964, at *2 (E.D. Cal. April 11, 2006).

Substantiality is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(a)(2), "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). To determine substantiality, the court looks to "the entire sequence of events

underlying the claim," *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001), and focuses on the defendant's (rather than the plaintiff's) actions. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). With that said, however, a "substantial part of the events or omissions" does not mean that the events in that district predominate or that the chosen district is the "best venue." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998); *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003). "[I]t is possible for venue to be proper in more than one judicial district." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

Based on a review of the Complaint and focusing on Defendant's (rather than Plaintiff's) actions, the court finds that a substantial part of the events of each claim did not occur in Hawaii. Regarding Plaintiff's breach of contract claim, proper venue is the place of intended performance. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("We believe that the spirit of § 1391(a) is better served in this case if venue for a claim based on breach of contract be the place of intended performance rather than the place of repudiation."); *see also SoccerSpecific.com LLC v. World Class Coaching, Inc.*, 2008 WL 4960232, at *2 (D. Or. Nov. 18, 2008) (discussing *Decker Coal* and caselaw finding that the location of intended performance determines venue);

5

*Olson v. Entre Computer Ctrs.*, 1988 WL 216814 (N.D. Cal. Aug.16, 1988) (finding venue proper in California where the contract in dispute contemplated ongoing performance in California). *Decker Coal* adopted this rule "because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued. Furthermore, the place of performance is likely to have a close nexus to the underlying events." 805 F.2d at 842. The contract at issue required Defendant to provide legal services for Plaintiff in California and Illinois. Accordingly, because the intended performance of the contract was California and/or Illinois, venue for this claim is not proper in Hawaii.[2]

Regarding Plaintiff's tort claims, the locus of the injury is a relevant factor. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Further, "venue is proper where the parties acted or the injuries occurred." *Legal Additions LLC v. Kowalski*, 2009 WL 1226957, at *11 (N.D. Cal. Apr. 30, 2009) (citing *Myers*, 238 F.3d at 1075-76); *see also Lamont v. Haig*, 590 F.2d 1124, 1134-35 (D.C. Cir. 1978) ("[T]he substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit.").

---

[2] The court recognizes that Plaintiff may have communicated from Hawaii with Defendant, *see* Compl. n. 1 ("Communications between Plaintiff and Defendant were facilitated via email, fax, and phone accounts domiciled in Hawaii and opened by Plaintiff!"), but such communications are not a substantial part of any of Plaintiff's claims.

Plaintiff's tort claims are all based on Defendant's acts in representing Plaintiff in the California civil action and the Illinois criminal action and the alleged injuries that Defendant caused in those actions. Accordingly, venue is proper in those districts, not Hawaii.[3]

Because venue in Hawaii is improper, the court examines whether the interests of justice require transfer rather than dismissal. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has discretion in determining whether to transfer or dismiss an action for improper venue. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

The court believes that it is in the interest of justice for this action to be transferred, as opposed to dismissed, because Plaintiff raises serious allegations of misconduct in California and Illinois and those claims should not be lightly dismissed. Further, Plaintiff's pro se incarcerated status militates in favor of transfer rather than dismissal of this action. The court transfers this action to the Northern District of Illinois as opposed to California because Defendant resides in

---

[3] Indeed, it appears that Plaintiff was motivated to file this action in Hawaii as opposed to Illinois because the Seventh Circuit recently found that Plaintiff is a vexatious litigant and barred him from filing further actions in that circuit until he pays a fine of $5,000. *See Schotz v. United States*, Civ. No. 09-2005 Order (7th Cir. Apr. 24, 2009).

Illinois, most of Plaintiff's allegations concern the Illinois criminal action, the Northern District of Illinois has familiarity with Plaintiff's allegations against Defendant,[4] there is easier access to the necessary evidence, and there is likely a local interest in resolving Plaintiff's claims.  *See Decker Coal Co.*, 805 F.2d at 843.

### III.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the Northern District of Illinois.  All pending motions and requests shall be TRANSFERRED.  The Clerk of Court is DIRECTED to close the file and send any further documents received from Plaintiff to the United States District Court for the Northern District of Illinois.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 28, 2009.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Schotz v. Koch*, Civ. No. 09-00225 JMS/BMK, Order Transferring Action to the Northern District of Illinois

---

[4] In the Northern District of Illinois, Plaintiff has filed several motions pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel.  *See, e.g., United States v. Schotz*, Civ. No. 1:06-cv-03540 (N.D. Ill); *United States v. Schotz*, Civ. No. 1:07-cv-05686 (N.D. Ill).